# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TEMESGEN TESHOME ABDISSA,** : | | |
| Plaintiff, : | | |
| : | | **CIVIL ACTION** |
| v. : | | **NO. 16-6158** |
| : | | |
| **JANSSEN RESEARCH &** : | | |
| **DEVELOPMENT, LLC,** : | | |
| Defendant. : | | |

**McHUGH, J.**                                                            **JANUARY 9, 2018**

## MEMORANDUM

      This is a claim for employment discrimination brought *pro se* by Plaintiff Temesgen Abdissa against Defendant Janssen Research & Development, LLC. Plaintiff interviewed for a temporary associate scientist position in one of Defendant's labs, and alleges that Defendant's decision not to hire him resulted from discriminatory practices. Specifically, Plaintiff contends that he was qualified for the position, that some of his interviewers did not adequately consider his credentials, and that one interviewer posed a question that Plaintiff believed to be an inappropriate inquiry into his national origin. Defendant now moves for summary judgment, arguing that its decision to hire other applicants was based on the belief that Plaintiff was less qualified for the position. I find that Defendant has given a legitimate, nondiscriminatory reason for its hiring decision, and that Plaintiff has failed to bring forward evidence indicating that Defendant's reasons were pretextual. Accordingly, Defendant's Motion for Summary Judgment will be granted.

## I. Factual Background

On May 28, 2015, Plaintiff interviewed for a temporary contract position as an Associate Scientist with Defendant Janssen Research & Development. A hiring agency, Kelly Services, had forwarded Plaintiff's resume, along with resumes from several other individuals, for Defendant's consideration. Defendant intended to hire two candidates. After a preliminary phone interview, Defendant decided to invite Plaintiff for an in-person interview, which involved meetings with six Janssen scientists. Two other applicants interviewed with Defendant for the same positions.

According to Plaintiff's deposition, one interviewer, Chris Chiu, arrived carrying a laptop, and spent the beginning of the allotted thirty minutes checking emails. Dr. Chiu indicated that he was in the middle of something, but told Plaintiff to "go ahead." Plaintiff proceeded to tell Dr. Chiu about himself, and described his qualifications, including his education, work experience, and the subject of his thesis project. He felt that Chiu did not ask questions relating to his qualifications for the position, but instead asked him "where you from." Understanding the question as a reference to his national origin, Plaintiff testified that he replied he is from Ethiopia. Dep. of Pl. 61–63, 70, ECF No. 32.

After meeting with the three candidates, the interviewers shared their thoughts on each candidate over email. While they agreed that one candidate, Nikil Shukla, was a good fit for the position, they expressed reservations about the other two candidates. Fei Huang ranked Plaintiff third among the three candidates, noting that he "hardly communicated scientifically on the projects he did." Ex. D, Decl. of Amy Axel, ECF No. 31-3. Chris Chiu found that Plaintiff had "[l]imited depth and experience" and "[c]ould not explain his research project very well and seemed very superficial in his understanding of the goals of the project." *Id.* Emily Stepanchick

found Plaintiff and another candidate "too inexperienced for what we need right now." Ann Forslund commented on the two other candidates, stating that Nikhil Shukla "had most [sic] experience and a pleasant personality," and that the second candidate "has almost no experience at all." As for Plaintiff, she stated: "The third candidate is a no." *Id.* Plaintiff contends that Forslund's failure to provide any specific basis for her evaluation of Plaintiff, as compared to the other two candidates, necessarily indicates that she did not reject Plaintiff based on his qualifications, and alleges that her comment thus provides evidence of discrimination. Pl.'s Resp. Br. 7, 13, 19–20, ECF No. 37 [hereinafter "Pl.'s Br."].

Defendant decided to extend an offer to Nikhil Shukla for one of the two positions. Defendant informed the hiring firm that it was "not sure of either of the other two candidates," and asked the firm to send more resumes. Specifically, Defendant sought applicants with experience in an area of flow cytometry called fluorescence-activated cell sorting. Exs. Volume 75–76, ECF No. 33. Defendant then invited an additional candidate, Maha Elgawly, to interview for the remaining position. The interviewers found that Ms. Elgawly possessed experience and skills that would allow her to work well as part of the lab team. Decl. of Amy Axel ¶ 7, ECF No. 31-4. Defendant proceeded to offer the position to Ms. Elgawly.

## II. Discussion

The Motion is governed by the well-established standard for summary judgment set forth in Fed. R. Civ. P. 56(a), as amplified by *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986). Summary judgment is appropriate if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. Applying this standard, I find that Plaintiff has not presented evidence supporting elements of his Title VII claim against Defendant.

Plaintiff is proceeding *pro se*, and is therefore entitled to considerable latitude. After Defendant answered Plaintiff's complaint, I held two extensive conference calls with Plaintiff and Defendant's counsel, ECF Nos. 21 and 29, in which I reviewed at some length Plaintiff's burden of proof and obligation to present evidence. But even under a generous reading of the record and Plaintiff's briefing, I find no basis on which this action can survive Defendant's Motion.

Plaintiff has attempted to establish the elements of a Title VII claim under two different theories. First, Plaintiff contends that he has presented evidence of direct discrimination. By offering direct evidence of discrimination, it is possible for a plaintiff to prevail in a Title VII action without proving the elements of a prima facie case. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). After a careful review of the record before me, I find that Plaintiff has not satisfied his burden under this theory.

Plaintiff seeks to interpret his interviewers' behavior as evidence of direct discrimination. Plaintiff offers evidence from his own deposition, in which he states that Dr. Chiu spent time checking his emails during Plaintiff's interview, and contends that this provides evidence of discrimination. Pl.'s Br. 11. Plaintiff also testified that Dr. Chiu asked him "where you from" during his interview, and interprets Dr. Chiu's words as inquiry into his national origin.[1] Dep. of Pl. 70, ECF No. 32; Pl.'s Br. 11–12. Plaintiff also points to an email in which one interviewer, Ann Forslund, offered her thoughts about two other candidates, while stating only that Plaintiff "is a no" without further explanation. Pl.'s Br. 13–14. Plaintiff contends that these facts supply

---

[1] I note that Plaintiff has expressed concern regarding his deposition transcript. His primary dispute, however, is not with the accuracy of the transcript. Rather, he expresses frustration with defense counsel, who insisted upon "yes" or "no" answers to many questions throughout the deposition. For example, Plaintiff believes he was prevented from explaining that "Dr. Chiu was referring to plaintiff's birth place when he asked him 'where you from.'" Pl.'s Br. 5–6. But any limitation on Plaintiff's ability to express himself during the deposition is offset by his opportunity to present his views more completely in the briefing, which he has done.

direct evidence of discrimination. This evidence, however, hardly supports the inference that Plaintiff hopes to draw.

The question "where you from" does not, in and of itself, suffice to establish bias. It could, if a potential employer is pre-occupied with the issue, provide evidence of discriminatory animus, *see, e.g.*, *Lopez v. Schwan's Sales Enterprises*, 845 F. Supp. 1440, 1446 (D. Kan. 1994), but standing alone might equally be a way of making conversation. Dr. Chiu's single question does not support an inference of discrimination. *See Paradoa v. Philadelphia Hous. Auth.*, No. 13-cv-6012, 2014 WL 2476595, at *5 (E.D. Pa. June 2, 2014), *aff'd*, 610 F. App'x 163 (3d Cir. 2015) (questions about Hispanic origin and speaking Spanish do not by themselves create inference of discriminatory animus).

Additionally, while the record suggests that some interviewers may have acted in an unprofessional manner, poor manners in the context of an interview do not equate to discrimination in hiring. Plaintiff felt that Dr. Chiu ignored him during the interview, and he appeared to take Dr. Chiu's behavior personally. In his deposition, Plaintiff stated that he almost began to cry as he finished describing his background and qualifications to Dr. Chiu. Dep. of Pl. 64, 69, ECF No. 32. Plaintiff believed that another interviewer, Khaja Syed, was visibly rating Plaintiff's performance throughout the interview by writing "5 percent" after Plaintiff responded to each question. Plaintiff interpreted the marking to be a low rating. *Id.* at 52–58. In an email to a member of Defendant's human resources staff, Plaintiff also expressed concern that most of the interviewers "[did] not say anything when I thank[ed] them for their time." Ex. 9, ECF No. 33 at 81. Though the evidence might have been precluded at trial as a subsequent remedial measure, Janssen responded to Mr. Abdissa's complaint by reporting his concerns to members of the interview team and by deciding to pair junior staff with more senior employees in future

5

interviews to teach professional etiquette. But while the interviewers may have behaved unprofessionally, these facts offer no direct evidence of discrimination.

Finally, Plaintiff suggests that Defendant deliberately misled him by advising that the second position was never filled, when in fact it was, Pl.'s Br. 14, which Plaintiff interprets as evidence that Defendant engaged in discriminatory conduct. Defendant denies making such a representation, there is no evidence of it in the record, and Defendant affirmatively represents that if misinformation were communicated, the fault would lie with its hiring agency, Kelly Services. Def.'s Resp. Br. 12, ECF No. 36. But even if such erroneous information were conveyed by Janssen itself, the inferences Plaintiff seeks to draw are too weak to support a theory of direct discrimination.

Second, Plaintiff argues that he has provided evidence satisfying each element necessary to make out a Title VII claim under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this theory, Plaintiff must first establish the elements of a prima facie case of discrimination. Plaintiff may do so by showing "(i) that he belongs to [a protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of [Plaintiff's] qualifications." *Id.* If Plaintiff establishes these elements, Defendant must then "articulate some legitimate, nondiscriminatory reason" for rejecting the applicant. *Id.* at 802–03. If Defendant meets this burden, Plaintiff must then offer evidence showing that the employer's justification was mere pretext. *Id.* at 804.

Assuming that Plaintiff may have presented evidence supporting the elements of his prima facie case, he has offered no evidence suggesting that Defendant's legitimate,

nondiscriminatory reason for not hiring him is pretext. Defendant has offered a reason for its employment decision, stating that "Plaintiff was not selected for the position based on his qualifications." Def.'s Br. Supp. Mot. Summ. J. 8, ECF No. 31-2. Defendant has proffered evidence to support its reason. In a declaration, Dr. Chiu states that he found that Plaintiff was not qualified for the position. Decl. of Chris Chiu ¶¶ 8–10, ECF No. 31-4. In her declaration, Ms. Axel states that the team of interviewers reached a consensus in their hiring decision, and found that the two candidates that Defendant hired "had the best qualifications and skills for the assignment." Decl. of Amy Axel ¶ 7, ECF No. 31-3. She states that Plaintiff "did not demonstrate sufficient qualifications and skills as needed for the assignment." *Id.* She also states that the team considered communication skills important for the job, *id.* ¶ 3, and that Plaintiff "did not demonstrate strong laboratory experience and skills, including the ability to communicate well regarding laboratory work," *id.* ¶ 8. Moreover, the resumes of the successful candidates are part of the record in this case. Upon review, the credentials of those hired support the Declarations filed by Janssen witnesses. Both candidates displayed strong scientific backgrounds, and comparison of their experience as summarized in their resumes with that of Plaintiff supports the conclusion that they had more direct experience in actually performing various processes in the laboratory. *See* Exs. A–C, ECF No. 17-1. With Defendant having put forth this evidence, the burden next shifts to Plaintiff, who must offer evidence that this justification is pretext.

Plaintiff may meet his burden by showing that "discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). In his attempt to establish pretext, Plaintiff relies on the same evidence he uses in his effort to show direct discrimination. Pl.'s Br. 18–20. As explained

7

above, even drawing generous inferences in Plaintiff's favor, none of this evidence supports his assertion that Defendant declined to hire him because of his race or national origin.

Plaintiff may also satisfy his evidentiary burden by discrediting Defendant's justification, *see Fuentes*, 32 F.3d at 764, but has offered no evidence of this nature. At most, Plaintiff asserts that he was qualified for the position, and that one of the candidates Defendant hired, Maha Elgawly, was less qualified. Making reference to Elgawly's resume, Plaintiff offers his own interpretation of her credentials. For example, he opines that her "resume looks fake" because he doubts that an undergraduate student could gain research assistant experience and publish a scientific paper prior to obtaining a Bachelor of Science degree. Pl.'s Br. 21. These speculations, however, do not rise to the level of evidence.

Having interacted with Mr. Addissa in two lengthy conferences, I sense the genuine pain and frustration that accompany his lack of success in advancing in this competitive industry. But that empathy with the situation in which he finds himself cannot dictate the outcome of the case. On the record before me, Defendant has established that it is entitled to summary judgement.

    /s/ Gerald Austin McHugh
United States District Judge